Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 10-CV-025-HRW

KENNETH WAYNE MARTIN                                       PETITIONER

VS:             **MEMORANDUM OPINION AND ORDER**

J.C. HOLLAND, Warden                                         RESPONDENT

\*\*\*\*

Kenneth Wayne Martin, an individual in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Prison Camp, in Ashland, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

This Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears on its face that the petition is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Accordingly, the Court has reviewed the instant Petition. For the reasons explained below, the Petition will be denied, and this proceeding will be dismissed.

## ALLEGATIONS AND CLAIMS

Petitioner states that he pled guilty to violating 18 U.S.C. §§ 922 and 924,[1] in this Court, in *United States v. Martin*, No. 05-CR-025-DLB. He was sentenced to 180 months' imprisonment and 3 years supervised release. On his appeal raising several issues, the Sixth Circuit affirmed the conviction and sentence. [*United States v. Martin*, 526 F.3d 926 (6th Cir.), *cert. denied*, 129 S.Ct. 305 (2008).]

Martin states, and the trial court record confirms, that he also filed a Motion to vacate, set aside or correct sentence pursuant 28 U.S.C. § 2255, based on ineffective assistance of counsel. *United States v. Martin*, No. 08-CV-07043-DLB (litigated in No. 05-CR-025). It also proved unsuccessful. No. 05-CR-025-DLB, D.E. 96, denying relief, dated June 05, 2009. He again appealed, but the Sixth Circuit construed his notice of appeal as a motion for a certificate of appealability and denied it on the merits. D.E. 98, dated May 10, 2010.

During the pendency of the latter appeal, Petitioner initiated the instant proceeding. He again claims ineffective assistance of his counsel in the trial court, contending that the performance of his counsel was so deficient as to violate his Sixth Amendment right to effective assistance of counsel. Additionally he claims that ineffective counsel robbed him of a fair trial, in violation of his right to due process.

Martin asks that his guilty plea be vacated as not voluntary and his conviction thereby be vacated. In the alternative, he seeks a hearing on "the true nature of the device" which had constituted the firearm in his possession.

---

[1] Petitioner refers to another statute, but it is illegible. Therefore, the Court does not consider it in this proceeding.

## DISCUSSION

The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States v. Jalili,* 925 F.2d 889, 894 (6th Cir. 1999). It is 28 U.S.C. § 2254 for state prisoners or § 2255 for federal prisoners which relate to the validity of the conviction and/or sentence. *See DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner, such as the instant Petitioner, must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 in the trial court. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). The record in Petitioner Martin's criminal case reveals that he did just that. He had no less than two persons as his retained counsel at the trial court level, and he challenged their conduct as being ineffective assistance. He has, therefore, already had an opportunity to raise this claim. Further, to the extent he brings new claims about them or complains of appellate counsel, he could have brought his current complaints about one or all them in that Section 2255 proceeding.

Petitioners who were denied relief in an earlier Section 2255 Motion, as the instant Petitioner has been, are not permitted to seek relief regarding a conviction or sentence under Section 2241, unless they meet the one exception to the general rule. A subsection of Section 2255, commonly called "the savings clause," permits a prisoner to seek habeas corpus relief from the court in the district where he is confined under Section 2241, if he can demonstrate that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

Case law has developed interpreting the language in the savings clause. *See Charles v.*

3

*Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner had an earlier unsuccessful Section 2255 motion, or after he has been denied permission to bring a successive motion, or when he has let the one-year statute of limitations run before bringing a Section 2255 motion. *Id.* at 757. Nor is the remedy under Section 2241 an additional, alterative or supplemental remedy to a remedy under Section 2255. *Id.* at 758.

Further, in addition to demonstrating that the remedy via Section 2255 is inadequate or ineffective, the appellate court in this circuit has imposed another requirement for use of the savings clause, a requirement which is also not met in this case. In addition to presenting circumstances which render Section 2255 inadequate or ineffective to raise a trial court issue, the prisoner seeking to use Section 2241 must also have a claim of "actual innocence." *Martin v. Perez,* 319 F.3d 799 (6th Cir. 2003).

Actual innocence means factual innocence, which is also explained by the Sixth Circuit to mean innocence of criminal conduct. *Id.* at 805. An actual innocence claim arises when a prisoner was convicted under a criminal statute whose terms were thereafter interpreted by the United States Supreme Court in such a way that there is a risk that the Petitioner was convicted of conduct that the law does not make illegal. *Id.* Hence, only by an intervening Supreme Court decision defining the criminal statute can a petitioner be rendered "actually innocent" of the crime for which he was convicted, so as to qualify to use Section 2241 jurisdiction.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v. Morris,* 43 Fed.Appx. 181, 183, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual, innocence);

4

*Reyes-Requena v. United States*, 243 F.3d at 903-04 (same); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same). *See also United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

The threshold which any Section 2241 petitioner must meet under *Charles* and *Martin* is a high one, and one which the instant Petitioner fails to reach. Nor have many other petitioners met these same requirements. *See, e.g., Leslie v. United States*, 89 Fed.Appx. 960, 2004 WL 253362 (6th Cir. 2004) (unpublished) (affirming dismissal); *Okoro v. Scibana*, 201 F.3d 441, 1999 WL 1252871 (6th Cir. 1999) (unpublished) (same); *Casas v. Booker*, No. 05-CV-055-JBC, 2007 WL 647563 (E.D. February 26, 2007) (*sua sponte* dismissal, the Honorable Jennifer B. Coffman presiding).

It is a petitioner's burden to prove that his remedy under § 2255 is actually inadequate or ineffective (*Charles*, 180 F.3d at 756) and that he is actually innocent of conduct that is criminal (*Martin*, 319 F.3d at 799). It is a burden that the instant Petitioner has failed to carry.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Kenneth Wayne Martin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is **DENIED**; and

(2) this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 21st day of May, 2010.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE